**DAVID J. HARRIS, ESQUIRE**
**ATTORNEY FOR DEBTOR**
**PA S. Ct. No.: 48558**
**FL Bar No.:  0451207**

**69 Public Square, Suite 700**
**Wilkes-Barre, PA 18701**
**Telephone: (570) 823-9400**
**Facsimile:   (570) 208-1400**
**E-Mail:     dh@lawofficeofdavidharris.com**
_____

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| LOURDES E. ROSARIO | : | Chapter 13 |
| | : | Case No.:  5:19-bk-03333-MJC |
| Debtor | : | |

_____

**MEMORANDUM OF LAW AND FACT**
**WITH RESOLUTION**
_____

### INTRODUCTION

On April 20, 2022, the Court issued an Order directing Lourdes E. Rosario (the "Debtor" to submit a memorandum of law to support her motion to modify the confirmed plan that she filed with the Court on March 16, 2022 (the "March 2022 Motion") that sought the Court's approval of an 84-month chapter 13 plan term following the expiration date of the CARES Act.

As there are no germane issues of law in this case, the Debtor presents the following background information and a proposed resolution.

### BACKGROUND

The Debtor agrees that the CARES Act embodied in Bankruptcy Code section 1329(d) permits a debtor who had been affected financially by the pandemic to extend his or her chapter 13 plan term to a 7-year (or 84-month) plan term. The Debtor also agrees that the CARES Act expired on March 27, 2022, after the date upon which the Debtor filed her March 2022 Motion.

The Debtor submits that she initially sought to extend her plan term for a 84-month period on July 27, 2021 when she filed her plan modification motion then, which also was well prior to the CARES Act expiration date (the "July 2021 Motion"), because she had been adversely affected by the pandemic.

The Debtor's July 2021 Motion was approved by an Order of this Court on September 2, 2021.

The Debtor's July 2021 Motion sets forth her clear intention. By error, however, an amended plan was attached that did not amortize her base plan over an 84-month period, but instead over a 60-month period. Her March 2022 Motion merely sought to correct the error. The Motion did not, by any means, seek for the first time to extend the Debtor's plan term to 84 months. Nevertheless, even that Motion was filed prior to the CARES Act expiration date.

Aside from requesting the Debtor to provide a memorandum of law to support her March 2022 Motion, the Court's recent Order of April 20, 2022 makes reference to the trustee's opposition to the March 2022 Motion on the grounds that it was inconsistent with filed proofs of claim, specifically the amount set forth for mortgage arrearages.

In response, the trustee did not object to the motion *per se*. He objected only to the amount committed to mortgage arrearages in the plan, as the Debtor's mortgage lender had not yet amended its proof of claim to reflect the proper arrearage owed to it. The Debtor represents that the amount in the plan is correct, as it is the amount provided to the Debtor's counsel by the mortgage lender's counsel. In that regard, the Debtor directs to the Court's attention to the fact that M&T Bank, the Debtor's mortgage lender, has not objected to the Debtor's March 2022 Motion.

Notably, the Debtor's chapter 13 plan was filed solely to cure her arrearage with her mortgage lender, M&T Bank, and for no other purpose. All other claims of record are *de minimis*. None are receiving a dividend in the plan and none will be affected in any way, whether the plan term is a 60-month plan or an 84-month plan.

Lastly and most important is that the proposed chapter 13 plan hinges upon the Debtor's ability to obtain a mortgage modification agreement with M&T Bank by December 31, 2022. If the Debtor cannot meet that deadline, then her plan will fail by its own terms, whether the term of a plan is a 60 months or an 84 months.

## **RESOLUTION**

Whether the Debtor is successful in having her March 2022 Motion approved by the Court is of no consequence to her or to any of her creditors. Therefore, for the sake of judicial economy and practicality, she will file an amended plan within 14 days that will provide a 60-month term to cure her pre-and post-petition mortgage arrearage with M&T Bank, subject to the terms of a Stipulation already entered into between the Debtor and M&T Bank. Doing so will avoid burdening the Court with having to make a legal determination on whether the Debtor has the legal authority to extend her plan term to 84 months on the particular facts in this case.

RESPECTFULLY SUBMITTED:

Dated: May 3, 2022            By:    /s/ David J. Harris_____
     Wilkes-Barre, Pennsylvania            DAVID J. HARRIS, ESQUIRE